# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BAKERY BARN, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 12-75 |
| v. ) | Judge Cathy Bissoon |
| ) | |
| A.E. NIELSEN MASKINFABRIK ) | |
| APS., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Before the Court is Defendants' motion to dismiss, which was filed, along with a supporting brief, on September 24, 2012. (Docs. 27 and 28). Plaintiff responded in opposition thereto on October 15, 2012. (Doc. 29). This motion is ripe for disposition.

Plaintiff filed its complaint on January 20, 2012, alleging that it purchased from Defendant A.E. Nielsen Maskinfabrik ApS ("Nielsen") an Enrobing Bar Line for its commercial baking business on or about June 28, 2009, for the sum of 605,800 euros. (Doc. 1 ¶ 7). Plaintiff alleges that Defendant Cote acted as Defendant Nielsen's agent, was its partner in a joint venture, and was Nielsen's distributor of this machinery in the United States. Id. ¶ 9. Plaintiff admits that it actively negotiated the terms of the resulting sales contract for the Bar Line, which was manufactured in Denmark, and was delivered to and assembled at Plaintiff's facility in Allegheny County, Pennsylvania, in November of 2009. Id. ¶¶ 10-13. Despite assurances from Defendants that the machinery was operational and merchantable, it suffered from "numerous and significant deficiencies[,]" which Defendants have refused to correct. Id. ¶¶ 14-15. Plaintiff alleges that Defendants are liable to it for damages in excess of $75,000, but does not assert the legal theory under which they seek recovery. However, it is noted that, in their response to the

instant motion, they attempt to amend their complaint by explicitly, if ineffectively, raising claims for breach of contract and violation of warranties of merchantability and fitness for purpose. (Doc. 29 at 4).

It is undisputed that a written contract governs the obligations of the parties with respect to the dispute in this case. (Doc. 1 ¶ 10; Doc 28 at 2). Plaintiff explicitly invokes that contract in its complaint, and attaches a portion of it as an exhibit thereto. (Doc. 1-2). That exhibit, in turn, specifically references "Nielsen General Conditions of Sale and Delivery E95" as controlling all issues that are not mentioned overtly in the particular sales terms mentioned therein. While Plaintiff does not provide a copy of these general conditions, Defendants do so as an attachment to their motion to dismiss. See (Doc. 28-2). Paragraph 9 of that document states:

> VENUE AND CHOICE OF LAW
> All disputes arising from the present contract must be settled by the Danish Maritime and Commercial Court („Sø- og Handelsretten") in Copenhagen.
>
> For legal decision, Danish Law is applied, apart from the reservation made in clause 8.[1]

Defendants argue that this forum selection clause is binding on the parties, and that this Court should dismiss this case. Plaintiff responds that "the Contract referenced in ¶ 6 of Defendants' Motion to Dismiss was not attached to the Defendants' Brief in Support." Additionally, Plaintiff asserts that the "Nielsen General Conditions of Sale and Delivery E95" was not part of the documents that were executed during the sale of the Enrobing Bar Line – in

---

[1] Clause 8 states, in pertinent part, that questions of ownership of the machinery prior to full payment will be made pursuant to the law of the country in which the sale was made. This clause has no bearing on this case.

spite of the fact that it is referenced explicitly in the very document that Plaintiff produces in support of its complaint. (Doc. 29 at 1).

In ruling on a motion to dismiss, a district court may consider items integral to or explicitly relied on in the complaint. In re Rockefeller Ctr. Props., Inc. Sec. Litig., 184 F.3d 280, 287 (3d Cir. 1999). A court also may consider undisputedly authentic documents attached as exhibits to a motion to dismiss if the plaintiff's claims are based on said documents. Pension Benefit Guar. Corp. v. White Consul. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). While Plaintiff disputes that the contract provided by Defendants is the same as the one that it attached to the complaint – a fact that is easily verified, given the different dates and reference numbers on the two documents – it is noteworthy that Plaintiff does not dispute the authenticity of the copy of the "Nielsen General Conditions of Sale and Delivery E95." Moreover, even considering the apparent minor differences between the two sales terms sheets, it is incontestable that the "Nielsen General Conditions of Sale and Delivery E95" is referenced explicitly in both forms, and that no terms in either submission undermine the forum selection clause in the general conditions.

"Forum selection clauses are entitled to great weight and are presumptively valid." Wall Street Aubrey Golf, LLC v. Aubrey, 189 F. App'x 82, 85 (3d Cir. 2006) (citations omitted). To avoid the application of a valid forum selection clause, the resisting party must establish "(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would in the particular circumstances of the case result in a jurisdiction so seriously inconvenient as to be unreasonable." Moneygram Payment Sys. v. Consorcio Oriental, S.A., 65 F. App'x 844, 846 (3d Cir. 2003). Here, Plaintiff raises none of these assertions in its response to Defendants' invocation of the forum selection clause. Instead,

3

it attempts to undermine the clause by arguing that the general conditions of sale and delivery were not part of the documents that were executed by the parties during the sale of the machinery at issue. This is wholly without merit because, as stated above, the general conditions were referenced explicitly in the very same written agreement provided by Plaintiff in support of its complaint.

"Contracting parties are normally bound by their agreements without regard to whether the terms thereof were read and fully understood." Simeone v. Simeone, 581 A.2d 162, 165-66 (Pa. 1990) (citations omitted).[2] Even if Plaintiff, as it contends, did not receive a copy of the standard conditions, it had a duty to inquire as to the content of the terms that Defendants sought to incorporate by reference. Standard Bent Glass Corp. v. Glassrobots OY, 333 F.3d 440, 447-48 & n.10 (3d Cir. 2003); see also TDY Indus., Inc. v. Hamilton Sundstrand Corp., No. 07-388, 2007 WL 1740855, at *4 (W.D. Pa. June 14, 2007) ("If anything, [the plaintiff's] . . . status as [a] sophisticated business entit[y] only heightened [its] obligations to be familiar with the Contract, including the terms incorporated by reference.") (citation omitted).

Additionally, the language of the forum selection clause is unambiguous that the Danish Maritime and Commercial Court in Copenhagen "must" be the forum in which "[a]ll disputes

---

[2] "Although the application of a forum selection clause by a federal court sitting in diversity is determined under federal rather than state law," "it is first necessary to decide whether the forum selection clause is a part of the parties' agreement," a determination made under state law. M.K.C. Equip. Co. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 683 (D. Kan.1994) (citation omitted). Here, although the forum selection clause of the agreement would seem to compel the application of Danish law, neither party has seen fit to raise a choice of law issue. Indeed, to the extent that they have provided legal support for their arguments with respect to the forum selection clause, the parties have avoided the invocation of Danish law altogether. Accordingly, this Court will join in the parties apparent assumption that Pennsylvania law applies to the determination of whether the forum selection clause was part of their agreement. See In re Columbia Gas Sys., Inc., 50 F.3d 233, 240 n.10 (3d Cir. 1995) (where "the parties do not make an issue of choice of law, [this Court has] no obligation to make an independent determination of what rule would apply if they had made an issue of the matter.") (citation and internal quotes omitted).

arising from the . . . contract" are brought. (Doc. 28-2 at 3). The language of the clause provides no support for any contention that additional *fora* might be appropriate. Finally, it is noteworthy that the forum selection clause does not include a jurisdiction to which this case could be transferred under 28 U.S.C. § 1404.

Accordingly, the following ORDER is entered:

AND NOW, this 21st day of May, 2013,

IT IS HEREBY ORDERED that Defendants' motion to dismiss (Doc. 27) is GRANTED. Plaintiff's cause of action is DISMISSED, without prejudice to reasserting its claims in the proper forum, if appropriate. Defendants' motion for a more definite statement is DENIED as MOOT.

May 21, 2013

s\Cathy Bissoon
Cathy Bissoon
United States District Judge

cc (via ECF email notification):

All Counsel of Record